# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROGER JOEL PETERSON**,

      **Petitioner**,

v.                                                                                              **Case No. 15-CV-0888**

**STATE OF WISCONSIN DEPARTMENT**
**OF CORRECTIONS**,

      **Respondent**.

## ORDER

Petitioner Roger Peterson, proceeding pro se, has filed an application for a writ of habeas corpus. Ordinarily, a habeas petitioner must pay a statutory filing fee of $5 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). The present petitioner, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. <u>Nietzke v. Williams</u>, 490 U.S. 319, 324 (1989). Under § 1915, an indigent party may commence a federal court action, including a petition for habeas corpus relief, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Because the statutory filing fee for an application for a writ of habeas corpus is only $5, however, a petitioner will rarely have insufficient income or assets to pay the fee.

Petitioner has filed the required affidavit of indigence. Upon review of that affidavit,

the court is satisfied that petitioner is unable to pay the $5 filing fee. Petitioner was recently released from prison to extended supervision and has no income or assets with which to pay the filing fee. Therefore, I will allow plaintiff to proceed in forma pauperis.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I also give this case prompt initial consideration.

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. Having reviewed the petition, I conclude that it does not plainly appear that the petitioner is not entitled to relief in the district court. Accordingly, respondent will be ordered to file a response to the petition.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that petitioner's request to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

2

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed 30 pages and reply briefs must not exceed 15 pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, copies of the petition and this order are being sent today to the Attorney General for the State of Wisconsin for service upon the respondent.

Dated at Milwaukee, Wisconsin this 4th day of August, 2015.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge